W. P. HAMLETT, Appellant, v. CHICAGO & ALTON RAILROAD, Respondent.

### St. Louis Court of Appeals, April 23, 1901.*

1. Negligence: MASTER, LIABILITY OF: SERVANTS: FELLOW SERVANT ACT: STATUTORY CONSTRUCTION. The doctrine that the liability of the master is confined to the acts done within the real or apparent scope of the authority confided to his agents or servants, has not been at all affected by the provisions of section 2873, Revised Statutes 1899, known as the Fellow Servant Act.

2. ——— ———: ———: INTENTION OF LEGISLATION. That legislation was merely intended to put the employees of a railroad company upon the same footing as to recovery for personal injuries, which supports the right of non-employees to such redress.

3. ———: ———: ———: SCOPE OF AUTHORITY. And liability can only be fastened upon the railroad company when the injury has been caused by the negligence of someone acting within the real or ostensible authority intrusted to him by such corporation.

4. ———: ———: NEGLIGENCE: PROXIMATE CAUSE: DEFENSE TO FELLOW SERVANT ACT: CONTRIBUTORY NEGLIGENCE: STATUTORY CONSTRUCTION. Where an injury is

*This case was received too late to be placed in chronological order.

proximately caused by plaintiff's negligence he can not recover, and this universal law is in so many words retained as a complete defense in the Fellow Servant Act (Revised Statutes 1899, section 2873).

Appeal from Audrain Circuit Court. — *Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

The petition alleges that the plaintiff was employed by defendant as a section hand and required to perform the labor and service as such under the immediate supervision, direction and orders of one A. A. Burgess, who was a section boss and vice-principal of defendant; that in obedience to an order from said vice-principal, the plaintiff got down from his position upon a push car, closely followed by a hand car on defendant's railroad and was run upon by the latter and severely injured. The petition then specifies the negligence complained of in the following language: "Plaintiff states that the negligence of defendant herein consists: In running the push car in front of the hand car on the down grade; in ordering plaintiff to stop the push car while the hand car was in rapid motion behind it; in failing to provide proper brakes and appliances for stopping said hand car within a reasonable time; in that the said Burgess knowingly directed and permitted an inexperienced and incompetent man to attempt to operate the brakes on said hand car; in that said Burgess and said section hands failed to exercise proper care and caution and to put forth proper efforts to stop said hand car after discovering plaintiff's peril; whereby and because of said various negligent acts and omissions on the part of defendant, plaintiff was injured as aforesaid."

The answer was a general denial and a plea of contri-

butory negligence, and also that the injury resulted from a risk incident to plaintiff's employment.    The reply took issue.

Among other things, the plaintiff testified, to-wit: "I got on the hind end of the push car facing back to hand car, with my feet hanging over and my feet setting out so that when the hand car came up it struck my feet and gave the push car a push and kept it ahead of the hand car.    That was the usual and customary way of running the push car.    They run it that way ever since I have been on the road.    As we went down I sat there facing the hand car and they gave me two or three shoves going down there, and I suppose by the time I got to where I got the orders I was something like thirty feet ahead of the hand car, and they throwed on the brakes and the boss— I suppose it was the boss—give me orders to stop the car.    The order came from the hand car.    The hand car and push car was making such a racket I could not tell who it was that gave the orders, but I got the orders from somebody on the hand car. He told me to stop the car.    Mr. Burgess was on the hand car facing me.    All the other hands were on the hand car.    I was sitting on the push car with my feet back, and noticing the hand car and listening for the orders to stop.    The brakes were thrown on the hand car before I got the order to stop.    I was about thirty feet from the hand car and going something like five or six miles an hour when I got the order to stop.    When I received the order I slided off the push car and ran around as I slided off and caught hold of the hind end of the car; it jerked me down striking my head against the rail.    It jerked me down on my right side going east.    I fell with my head towards the east.    The fall cut a place on my head and hip and kind of stunned me and before I could resist any way the hand car run upon me and caught me under the legs and took my legs over my head.    Just doubled me up in a knot and the whole thing was on me with the nine men on it and that pressed me

Hamlett v. Chicago & Alton Ry.

down with my chin down to my bowels and it looked like it would pull me in two.    The men pushed the hand car back off of me." For the defendant there was evidence tending to show that the section boss, Burgess, gave no order to plaintiff to dismount from the push car; "that one of the men on the hand car, but not the foreman, called out to slow up or stop; that the plaintiff hearing this, mistook it for an order to him to stop the push car; that thereupon, the plaintiff immediately jumped off the push car behind it and between the rail on the track, and caught the handle of the push car, and was jerked and lost his hold on the car and fell between the rails; that the hand car was from fifteen to thirty feet behind him when he fell and was going at a speed of perhaps eight to ten miles an hour, and that before it could be stopped it ran upon and struck plaintiff and doubled him up, but did not run over him; that no one told plaintiff when or where to get off, or how to get off, or how to stop the push car, or to get off between the tracks, or behind the push car, or gave him any other directions about where he should get off, or how he should stop the push car, and that he acted and relied on his own judgment entirely in what he then did.    That his danger was discovered immediately, but that it was impossible to stop the hand car before it struck him, although all the men on it exerted themselves to the utmost to avoid running upon him; that the brakes and appliances on the hand car for propelling and stopping it were in good order and fit condition for the use to which they were applied, and that there were no defects in the brake or the car; that no complaints had been made to the foreman of any defects or insufficiency in the brakes, either by plaintiff or by any such known to the foreman.    *    *    *    That the man in charge of the brake was an experienced, careful and competent man, and that the car could not be stopped in that distance at the speed it was going."

For the plaintiff, the court among others gave the following instructions:

"1.   The court instructs the jury that if they believe from the evidence that the section foreman of defendant ordered the cars to be stopped, and that plaintiff, in obedience to said order, in a reasonably cautious and careful manner attempted to stop said push car, then the act of plaintiff in so attempting to stop said car is not contributory negligence and this is true even though plaintiff fell upon the track in attempting to so stop said car.

"2.   Although the jury may believe from the evidence that plaintiff, through his own negligence, carelessness and want of skill, in attempting to stop defendant's push car was thrown upon the track in front of defendant's moving hand car, in a perilous situation, yet if they further believe from the evidence that defendant knew of his perilous condition and saw that he was unable to extricate himself therefrom, and could by the exercise of reasonable care and precaution and skill have stopped said hand car and avoided injuring plaintiff and through negligence, carelessness or unskillfulness amounting to a want of ordinary care, failed to do so, then your verdict should be for plaintiff."

For the defendant the court, among others, gave the following instructions:

"1.   The court instructs the jury that before the plaintiff is entitled to a verdict he must prove to the reasonable satisfaction of the jury by the greater weight of the evidence that he was injured through the negligence of the defendant or its agents, and unless he has so proven, you will return a verdict for the defendant.   Or, if you find that the plaintiff was injured as the result of his own negligence contributing thereto, then you will find for the defendant.   And you are instructed that what is meant by negligence in this case is that lack of

ordinary care used by men of ordinary prudence under the same or similar circumstances, and if you find that the said section foreman made use of that care and prudence when he discovered that plaintiff was on the track in front of the hand car, that should be made use of by a man of ordinary care under the same or similar circumstances, and that notwithstanding this, the plaintiff was run upon and injured, then he can not recover and you must find for defendant.

"2.   The court instructs the jury that it was not negligence on the part of the defendant for the man Bower to be in charge of the brake, as there is no evidence to show that he was an incompetent man in that place.

"3.   If the section foreman did not give any order to plaintiff to stop the push car, then the fact, if it be a fact, that some one of the fellow servants working under Burgess did direct the plaintiff to stop the push car, then this was no order of the defendant to plaintiff to stop the push car, and it is as though no such order was given; and the fact that plaintiff got off on that account is of no avail to him, and if after plaintiff fell upon the track he was discovered thereon by the men and they made use of all the care proper under the circumstances to prevent running upon him, but failed to do so and ran upon him, then defendant is not liable and you will find for defendant.

"4.   If the jury believe from the evidence the injury to the plaintiff was in part due to and caused by his own negligence, or mistake of judgment, or to misunderstanding a fellow servant and mistaking his direction to another man to stop the hand car for an order from the foreman to stop the push car, and that such mistake or misunderstanding contributed directly to his injury, then the plaintiff was guilty of contributory negligence and can not recover, you must find for the defendant, unless you further find from the evidence that the foreman

and section men on the hand car discovered, or by the exercise of reasonable and proper diligence might have discovered, the plaintiff's danger in time to stop the hand car and avert the injury."

The jury returned a verdict in favor of defendant. After the overruling of his motion for new trial, plaintiff appealed to this court.

*W. W. Botts* and *P. H. Cullen* for appellant.

(1) Plaintiff's proof showed that the defendant was a railroad company, owning and operating a railroad at this time, and that he was an agent and servant thereof engaged in the work of operating such railroad at the time of his injuries, and, hence, the defendant is responsible for the negligence of plaintiff's fellow servant. R. S. 1899, sec. 2873; Railroad v. Artery, 137 U. S. 507, and cases there cited. Bailey's Personal Injuries Relating to Master and Servant, secs. 1991 to 2018, and cases there cited. The fellow-servant law of Missouri is borrowed from the State of Iowa (see Code, sec. 1307, Laws of Iowa) and the construction placed upon the Iowa statute will be followed by our courts. The Artery case, 137 U. S. 507, covers the point in this case so fully as to leave no room for doubt that this case falls within the provisions of the fellow-servant law of Missouri. (2) Since this case is governed by the fellow-servant law, it is manifest that defendant's instruction No. 3, which tells the jury that if the order to stop car was given by a fellow servant "it is as if no such order was given," is error, for under the fellow-servant law the company is responsible for the negligence of the fellow servant. R. S. 1899, sec. 2873; Hunt v. Railroad, 26 Iowa 363; Kroy v. Railroad, 32 Iowa 357.

*F. Houston* for respondent.

The enactment of the amendment to the damage act, in 1897, known as the "fellow-servant" law, enlarged the liability of railroads for negligence and took away a defense. But in so enlarging it, it also expressly declared who are fellow servants, and limited the enlargement to such class. It follows that although a servant may be injured by the negligence of another servant, he can not recover unless he could have recovered before this enactment, or unless he brings himself within its terms. In other words, he must allege and prove negligence of a fellow servant. If he does not, he states no cause of action under the fellow-servant law. The statute creates a new cause of action. Before a plaintiff can recover on it, he must come within it.

BOND, J.—The first objection urged on this appeal relates to instruction No. 3, given for defendant, wherein the jury were told in effect that if the section foreman, Burgess, in charge of the hand car, gave no order to plaintiff to stop the push car, then plaintiff had no right to do so merely upon the direction of some one working under said foreman. It is claimed by appellant that this was error. We can not concur in that view for several reasons. First, the declaration complained of is simply the converse of one contained in instruction No. 1, given for appellant, which told the jury in substance that plaintiff was not guilty of negligence in descending from the push car in front of the hand car, provided he did so by the order or direction to stop the push car given by the section foreman. Secondly, the negligence *pleaded* on the part of defendant as to this part of the transaction, was the giving of such an order by its section boss, who was specifically named. Thirdly, plaintiff's petition, as well as the entire proof, shows that his duty as an employee was to obey the orders of the person put over him as vice-principal, i. e., Burgess, the section

foreman. The directions of the latter were the only source to which plaintiff could appeal for authority from defendant for the rendition of service, since obedience and subjection to his orders was a part of plaintiff's contract when he took employment. Necessarily, therefore, it was essential to the statement of any cause of action to plead, as he did, the command of the section boss, as evidence of authority emanating from defendant for the act of plaintiff in alighting from the push car and attempting to stop its progress. For the mere utterance of such an order by a third party—unauthorized to speak for defendant—would create no liability on its part for injuries caused to plaintiff by following the direction of such interloper. The doctrine that the liability of the master is confined to the acts done within the real or apparent scope of the authority confided to his agents or servants, has not been at all affected (as contended by appellant) by the fellow-servant act, now a part of our statutory law. R. S. 1899, sec. 2873, et seq. That legislation was merely intended to put the employees of a railroad company upon the same footing, as to recovery for personal injuries, which supports the right of non-employees to such redress. While the former are no longer debarred from relief because the injury complained of was occasioned by the act of a fellow servant, still, like the latter, they can only fasten a liability upon the railroad company when the injury has been caused by the negligence of some one acting within the real or ostensible authority entrusted to him by such corporation. Bequette v. St. Louis Iron Mt. R'y, No. 7784, Ms. Opinion.

Appellant next complains of this instruction because it embodies the doctrine that if the injury was proximately caused by plaintiff's negligence, he could not recover. This is the universal law and is in so many words retained as a complete

defense in the fellow-servant act. R. S. 1899, sec. 2873, supra.

Appellant further complains of the second instruction for defendant, which told the jury that there was no evidence of the incompetency of Bowers, the man in charge of the brake on the hand car. There was no contrary evidence to this declaration in the record, and defendant's evidence tended to show the full competency and skill of this particular brakeman. The objection is, therefore, not well taken.

On the issue as to the power of defendant to avert the injury, after the perilous position of plaintiff was discovered, the jury were correctly advised, both in the instructions for plaintiff as well as those given for defendant. The jury found for the defendant on this and other issues submitted to them. Under the present record we are bound by their verdict and, therefore, affirm the judgment. All concur.